US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

JUL 17 2017

DOUGLAS F. YOUNG, Clerk
By
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA            PLAINTIFF

v            CASE NO. 12-50050

CODY JAMES MALONE            DEFENDANT

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Currently before the undersigned is a pro se motion filed by the Defendant that has been docketed as a **Motion to Modify Sentence (Doc. 33)**. In this motion, Defendant seeks credit toward his federal sentence for time he is serving on a state sentence in the Arkansas Department of Correction (ADC). For the reasons stated below, the undersigned recommends that the motion be **DENIED**.

On April 2, 2013, Defendant was sentenced in this Court by United States District Judge Jimm Larry Hendren to 360 months imprisonment after pleading guilty to Count One of the Indictment, which charged him with using, persuading, inducing, enticing and coercing a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction, in violation of 18 U.S.C. § § 2251(a) and (e). (Docs. 13, 20.) On April 11, 2013, Defendant pleaded guilty in Benton County Circuit Court to fourth-degree sexual assault and was sentenced to 72 months imprisonment in the ADC. The state judgment and commitment order noted that Defendant's 72-month state sentence was to run concurrently with his federal sentence and was to "be served in federal custody[.]" Malone v. State, 501 S.W.3rd 807, 808-09 & n.1 (Ark. 2016). Rather than being

taken into federal custody, however, the Defendant was transported to the ADC, where he is serving his state sentence.

Defendant filed multiple post-conviction motions in state court, claiming, essentially, that he was serving an illegal sentence because he was not serving his 72-month state sentence in federal custody. Defendant's motions were denied at the trial court and appellate level. Id. at 809. The state trial court noted, "[T]he United States Department of Justice has informed Petitioner that since he was in custody on the state[']s charges first[,] they will not accept Petitioner into federal custody until he finishes his sentence given to him by this Court. Furthermore, the US DOJ also stated that this Court did not have the authority to commit Petitioner into federal custody for his state incarceration." Malone v. White, Benton Co. Circuit Ct. Case No. 2012-0971-2, Mar. 17, 2016 Order (Attachment "A" to this Report and Recommendation).

In the motion now before the Court, Defendant essentially seeks credit towards his federal sentence for the time he is serving in the ADC. Pursuant to the doctrine of primary jurisdiction, service of a federal sentence generally commences when the United States takes primary jurisdiction and a prisoner is presented to serve his federal sentence, not when the United States merely takes physical custody of a prisoner who is subject to another sovereign's primary jurisdiction. See Elwell v. Fisher, 716 F.3d 477, 481 (8th Cir. 2013). It appears in this case that the State of Arkansas had primary jurisdiction over the Defendant, as it was the first to take physical custody of him, and the state never relinquished jurisdiction. See id. (generally a state can only relinquish primary jurisdiction over a person by: (1) release on bail, (2) dismissal of the charges, (3) parole, or (4) expiration of the sentence). When Defendant pled guilty and was sentenced in this Court, he was "merely and temporarily 'on loan' to the United States." Id. at 482. Further, a state court generally

is not empowered to release a state's primary jurisdiction and a state court's intent regarding concurrent or consecutive sentences is not binding on the federal courts or the Bureau of Prisons (BOP). Id. As the Eighth Circuit observed in Elwell, the "non-binding nature of the state court's intentions are, understandably, frustrating to criminal defendants because the 'state court's action raises the defendant's expectations but does not resolve the issue.'" Id. (internal citation omitted).

Thus, the state court did not have authority to commit the Defendant to federal custody and the state court's intention that Defendant's federal and state sentences run concurrently is not binding. Accordingly, there is no basis for granting Defendant's **Motion (Doc. 33)** and it is, therefore, **DENIED**. The undersigned notes that the Defendant is not without a remedy. Pursuant to 18 U.S.C. § 3621(b), Defendant may request that the BOP designate the ADC as the site for him to serve his federal sentence. See id. at 486. The BOP may do this in advance of prisoner placement or through a *nunc pro tunc* order designating the state facility after the fact.

**The parties have fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 17th day of July, 2017.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE