IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.                                      CASE NO. 5:12-cr-50050

CODY JAMES MALONE                                                           DEFENDANT

ORDER

Currently before the Court is the Report and Recommendation ("R&R") (Doc. 35) filed on July 17, 2017, by the Honorable Erin L. Wiedemann, United States Magistrate Judge for the Western District of Arkansas, regarding Defendant's Motion to Modify Sentence (Doc. 33). Also before the Court is Defendant's objection to Magistrate Judge Wiedemann's R&R (Doc. 36). For the reasons given below, the R&R is **ADOPTED** and the Defendant's Motion to Modify is **DENIED**.

"Federal Rule of Civil Procedure 72(b)(2) allows a party to file [specific] objections" to a magistrate judge's report and recommendation. *Torres v. Colvin*, 2014 WL 12569339, at *1 (W.D. Ark. Feb. 26, 2014). A district court may then review the magistrate judge's report and recommendation and any pertinent objections. *See* 28 U.S.C. § 636(b)(1) ("A [district] judge . . . shall make a *de novo* determination of those portions of the [magistrate's] report or specified proposed findings or recommendations to which objection is made. A judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."). *De novo* review grants a reviewing court the right to conduct an "independent review" of the matter. *Salve Regina College v. Russell*, 499 U.S. 225, 238 (1991) (citing *Bose Corp. v. Consumers Union of United States, Inc.*, 466 U.S. 485, 501 (1984)).

1

In *Branch v. Martin*, the Eighth Circuit indicated that *de novo* review is only required if a party's objections are "specific enough to trigger *de novo* review." 886 F.2d 1043, 1046 (8th Cir. 1989). Absent any specific objection, a district court should review a magistrate judge's report and recommendation for clear error. *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996). However, in *Belk v. Purkett* the same court "emphasized the necessity of *de novo* review" and established that "retention by the district court . . . over the ultimate disposition of matters" is preferred. 15 F.3d 803, 815 (8th Cir. 1994) (asserting that, even if an objection lacks specificity, a district court should conduct *de novo* review in matters where the record is brief); *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995) (noting that § 636(b)(1) should be "liberally construed" to require *de novo* review in a majority of instances in which a party objects to a magistrate judge's report and recommendation).

Defendant asked for his time served in state custody to run concurrent to his federal sentence. (Doc. 33) ("I was convicted by the state . . . with the Judge[']s orders to run my time concurrent in the Federal Bureau of Prisons."). The R&R properly noted that a state court's intent is not binding on federal courts. *See* Doc. 35, p. 3 (citing *Elwell v. Fisher*, 716 F.3d 477, 482 (8th Cir. 2013)). Defendant's objection does not challenge Magistrate Judge Wiedemann's R&R on its face and thus does not merit *de novo* review. *See* Doc. 36. It appears that Defendant simply requests the opportunity to petition the Bureau of Prisons to designate a location for him to serve his federal sentence, which is his prerogative. *Id.* Nevertheless, pursuant to *Belk* and out of an abundance of caution, the Court has conducted a *de novo* review of the record and adopts Magistrate Judge

Wiedemann's R&R. 15 F.3d at 815 (citing *Branch*, 886 F.2d at 1046) ("Failure to conduct *de novo* review when required is reversible error.")

For the foregoing reasons, the Court finds that Magistrate Judge Wiedemann's R&R is proper and should be and hereby is **ADOPTED IN ITS ENTIRETY**. Accordingly, for the reasons stated in Magistrate Judge Wiedemann's R&R, Defendant's Motion to Modify (Doc. 33) is **DENIED**.

**IT IS SO ORDERED** on this 11th day of September, 2017.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE