IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                          PLAINTIFF/RESPONDENT

V.                                    CASE NO. 5:12-CR-50050

CODY MALONE                                       DEFENDANT/PETITIONER

## ORDER

Before the Court are Defendant Cody Malone's Motion for Sentence Reduction (Doc. 44), the Government's Response (Doc. 46), and Mr. Malone's Reply (Doc. 51). For the reasons stated below, the Motion is **DENIED**.

On March 29, 2013, Mr. Malone was sentenced to 360 months in prison—which represented both the guideline sentencing range and the statutory maximum—after pleading guilty to the crime of using, persuading, inducing, enticing, or coercing a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, in violation of 18 U.S.C. § 2251(a) and (e). *See* Doc. 20. The sentence was affirmed on direct appeal. *See* Doc. 32. Since entering the Bureau of Prisons, Mr. Malone has maintained a clean disciplinary record and has completed many self-betterment courses. His projected release date is March 5, 2038. *See* Doc. 46-1.

Mr. Malone requests compassionate early release because he contends he is the only available caretaker for his elderly grandmother, Paulette Graves, who has experienced several "mini-strokes," is suffering from dementia, and has difficulty standing, walking, and preparing her own meals. The Sentencing Commission has identified five categories of "extraordinary and compelling reasons" that may justify compassionate early release, including the "incapacitation" of a defendant's family member, provided that

1

the defendant is "the only available caregiver for such family member." *See* U.S.S.G. § 1B1.13(b)(3)(D). Mr. Malone has attached a declaration from his mother Robin, who claims that she and her brother Travis are the only available caretakers for Paulette. *See* Doc. 44, p. 44. Robin states that she finds it very difficult to assist her mother with tasks because Robin has arthritis in both knees and serious shoulder problems. *See id.* Robin asserts that Travis cannot help his mother because he "has his hands full caring for his wife, who is incapacitated with multiple sclerosis." *Id.* Travis did not submit his own declaration.

Paulette Graves also wrote a declaration, which is attached to Mr. Malone's Reply. *See* Doc. 51, pp. 20–22. Her declaration is clear, logical, and very well written. She explains that she has been "told by [her] doctors that [she] ha[s] dementia" and admits to suffering from confusion. (Doc. 51, p. 20). Bathing and dressing are often difficult, and she uses a walker to move around her home and needs assistance getting out of bed. *See id.* Paulette notes that her daughter Robin's medical conditions prevent Robin from lifting Paulette if she falls down. However, nothing in the record indicates that Robin's physical limitations prevent her from assisting Paulette with light tasks, like preparing meals, dressing, or household chores. Paulette claims her son Travis has scoliosis and cannot help because he is too busy caring for his disabled wife. *See id.* at p. 21. However, there is no indication that Travis is unable to share caregiving tasks with Robin. Finally, Paulette discloses that there is yet another available caretaker, her grandson Dakota, though she claims Dakota is too busy with work and family responsibilities to help her. *Id.*

Having considered the Motion and materials in support, there is insufficient evidence to find that Mr. Malone is the only available caregiver for Paulette. Her two

children can assist with some tasks, and an adult grandchild can assist with others. Though the family would find it more convenient for Mr. Malone to live with Paulette and perform all caregiving functions, that does not mean he is the only available caregiver. Further, the Motion does not reveal whether anyone has explored Paulette's eligibility to receive part-time or full-time home health services through Medicare or Medicaid. Though the Court sympathizes with Mr. Malone's family, as the task of providing elder care can be very challenging, the circumstances here are not extraordinary and compelling and do not warrant early release.

Mr. Malone has only served a little more than half of his intended sentence. *See* Doc. 46-1. In the Court's view, that is insufficient to provide general and specific deterrence or just punishment for his crime. The Court continues to harbor concerns for public safety. Mr. Malone's crime was a hands-on sex offense involving a minor, and the lengthy sentence the Court imposed was intended to reflect the crime's seriousness. Certainly, Mr. Malone is to be commended for the work he has done to rehabilitate himself in prison—and he should continue to do so. However, on balance, the sentencing considerations set forth at 18 U.S.C. § 3553(a) weigh against early release.

**IT IS THEREFORE ORDERED** that the Motion for Sentence Reduction (Doc. 44) is **DENIED**.

**IT IS SO ORDERED** on this _____ day of July, 2026.

 

_____
TIMOTHY L. BROOKS
CHIEF UNITED STATES DISTRICT JUDGE

3